National Theater Supply Company, Appellant, v.
David Blum et al., Appellees.

Gen. No. 37,075.

Opinion filed July 2, 1934.

L. H. HELLERT, for appellant.

WILHARTZ, HIRSCH & SCHANFARBER, for appellees;
ARTHUR WOLF, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Complainant filed its bill seeking to foreclose a claimed lien for painting and decorating a building, the fee of which was in David Blum and Bessie Blum, his wife, who were made parties defendant. They filed their demurrer, which was sustained, the bill dismissed and complainant appeals.

The allegations of the bill, so far as it is necessary to state them here, are that complainant is engaged in the business of construction, improvement and repair of theaters, etc.; that on August 1, 1916, defendant, Blum, as owner of the fee of the premises on which the work was done by complainant, entered into a 99-year lease with George Lomax, now deceased; that under the terms of the lease the lessee was expressly authorized by Blum, the lessor, to make improvements and repairs of the building on the premises covered by the lease, and that such improvements or repairs were to be considered a part of the premises; that the lease was recorded and that through the death of the lessee, George Lomax, "the lease descended to and became the property of Helen B. Lomax," the wife and widow of George Lomax; that afterward, through the death of Helen B. Lomax, the 99-year leasehold interest descended to and became a part of the assets of her estate; "that George Lomax, John Alfred Lomax, William L. Lomax, Frank B. Lomax, Helen Kehoe Dwyer Meine, were and are the heirs and beneficiaries of the said Estate of Helen B. Lomax"; that George Lomax and John Alfred Lomax were designated and are trustees of the estate of Helen Lomax, deceased; that her estate was the owner of the 99-year leasehold on December 24, 1930; that on December 13, 1930, George Lomax (one of the trustees above mentioned) doing business as American Theater, entered into a written agreement with the complainant to paint and

decorate the interior and exterior of part of the premises used as a theater, representing that he was the owner of the premises. For such work plaintiff was to be paid $1,025.78 by George Lomax, doing business as American Theater; that shortly after the making of the contract the materials were furnished and the work completed January 9, 1931; that the work was accepted and approved by George Lomax, doing business as American Theater, and that he paid complainant on account of the work and material $575.26, leaving a balance due of $450.52; that although complainant requested payment of the balance, George Lomax failed and refused to make such payment; that after the work was done complainant learned that George Lomax did not own the property but was advised that it was owned by the estate of Helen B. Lomax, of which George Lomax and John Alfred Lomax as above stated, were trustees, and that George, in making the contract, was the agent of an undisclosed principal—the estate of Helen B. Lomax, deceased; that the trustees authorized and knowingly permitted the execution of the contract for the decorating and painting, as above mentioned, and that complainant was "authorized by David Blum, the owner of the fee . . . in, through and by reason of the terms, clauses and provisions of the hereinabove mentioned ninety-nine year lease," to make the repairs.

The bill further alleged that on April 16, 1932, claimant filed with the clerk of the circuit court of Cook county a claim for lien against the owner of the fee and the estate of Helen B. Lomax, deceased. The Lomaxes and the estate of Helen B. Lomax, deceased, were made parties defendant. Attached to and made a part of the bill was the contract for the work, together with the specifications and a number of promissory notes signed by American Theater and George Lomax, as well as a copy of the claim for lien filed in

the office of the clerk of the circuit court. The lease is not attached to or made a part of the bill.

Counsel for the complainant says in his brief that the demurrer to the bill was sustained "upon the theory that the defendants David Blum and Bessie Blum, owners of the fee, are, in law creditors, encumbrancers and purchasers as set forth and provided in Section 7 of the Mechanic's Lien Act, and inasmuch as the complainant had failed to file its claim for lien, or bring suit, within the four month period of limitation, it had lost its right of action to foreclose." This statement seems to be conceded by counsel for defendants because they say that "Under Section 7 of the Mechanic's Lien Act, David Blum, the owner of the fee, is a creditor, encumbrancer or purchaser, and as to him the complainant was required to bring suit to enforce his lien or file with the clerk of the court a claim for lien within four months after the completion of the contract." And it is argued that since the work was completed January 9, 1931, and the claim for lien was not filed until April 16, 1932, more than 15 months after the work was done, the demurrer was properly sustained.

We think it clear that this contention cannot be sustained. Section 1 of the Mechanics' Liens Act (ch. 82, Cahill's 1933 Stats.) provides: "That any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve the same . . . shall have a lien upon the whole of such lot or tract of land"; and by section 7 of the same Act it is provided: "No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or incumbrancer or purchaser, unless within four months after completion . . . he shall either bring

suit to enforce his lien therefor or shall file with the clerk of the circuit court in the county in which the building, erection or other improvement to be charged with the lien is situated. . . . Such claim for lien may be filed at any time after the contract is made, and as to the owner may be filed at any time after the contract is made and within two years after the completion of said contract.''

These two sections above quoted clearly provide that a contractor who is seeking to enforce a lien must do so within four months after the work is done if he would prejudice the rights of any other creditor, incumbrancer or purchaser. So far as the record before us discloses, there is no other creditor, incumbrancer, or purchaser, and that provision of section 7, so far as a creditor, incumbrancer or purchaser is concerned, is in no way involved. But the section further expressly provides that a lien claimant may file his claim against the owner at any time after the contract is made and within two years after the completion of the work. His right to enforce such lien within such period of time is not limited to the owner of the property who has signed the contract for the improvement, as defendant contends, but it applies to the owner of such property without qualification. *Loeff v. Meyer,* 284 Ill. 114. In that case the court said (p. 116): ''The statute authorizes a lien upon any lot of land for material or labor furnished in altering or repairing any building thereon under a contract with the owner, or with one whom the owner has authorized or knowingly permitted to contract for the improvement of or to improve the same, and where a lessee is authorized by his lease to make improvements, the contract for such improvements with the lessee is within the terms of the statute.''

Section 1, above quoted, expressly provides that one who improves property belonging to another and

enters into such contract with the owner of the property or with one whom such owner has authorized or knowingly permitted to contract, shall have a lien.

Some cases are cited by counsel for defendants that tend to sustain complainant's contention that under section 7 the owner of the fee "is a creditor, incumbrancer or purchaser," but upon examination those cases will be found to construe the Mechanics' Liens Act of 1895 and not the Act now in force, which was enacted by the legislature in 1903.

The defendants further contend that there is no allegation in the bill that defendants, David Blum or Bessie Blum, his wife, authorized or knowingly permitted the work in question to be done. The bill alleges the making of the lease by defendant David Blum as owner of the fee, with George Lomax, since deceased, as tenant; that the lease expressly authorized the tenant to make any improvements or repairs to the building on the premises covered by the lease and that all repairs and improvements made by him were, under the terms of the lease, made a part of the premises.

The bill further alleges that the tenant, George Lomax, died and that the "ninety-nine year lease descended to and became the property of HELEN B. LOMAX," widow of the tenant; that afterward she died and the lease "descended to and became a part of the assets" of her estate; that certain parties then named "are the heirs and beneficiaries of the said ESTATE OF HELEN B. LOMAX," and that her estate owns the 99-year lease and that George and John Alfred Lomax are the trustees of her estate. It will be noticed that there is no allegation that the lease contained any provision authorizing anyone to make such repairs except the tenant named in the lease—George Lomax. It might well be that the landlord, Blum, was willing to authorize the tenant, George Lomax, to make any repairs required but that he would be unwilling to

authorize anyone else to do so, and since there is no allegation that there was any such authorization in the lease, the bill was vulnerable to demurrer, and therefore the demurrer was properly sustained and the bill dismissed.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

McSurely and Matchett, JJ., concur.