(No. 12077.—Judgment affirmed.)

. BERNHARD LOEFF, Appellee, *vs.* MARY MEYER, Appellant.

*Opinion filed June 20, 1918.*

1. MECHANICS' LIENS—*when property is subject to Mechanic's Lien law for improvements by tenant.* A landlord who has knowingly permitted improvements by his tenant cannot avoid the mechanic's lien therefor because the tenant did not give him written . notice of such improvements as provided in the lease, as it is within his power to exempt his land from any lien by not permitting the improvements or by requiring beforehand a release of the lien by the contractor.

2. SAME—*provision of lease that lessee shall pay for improvements is not binding on contractor.* A provision in a lease that the lessee shall pay for improvements on the building may be enforced by the lessor against the lessee, but it is not binding upon the contractor who makes the improvements, even if he has notice of it, ' so as to preclude his right to a lien on the building if the lessee defaults in payment. (*Boyer* v. *Keller,* 258 Ill. 106, explained.)

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

WINSTON & LOWY, (FRANK A. LASLEY, of counsel,) for appellant.

JOSEPH ROSENBERG, and IRVING ZIMMERMAN, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The superior court of Cook county, in a proceeding to enforce a mechanic's lien, entered a decree for $502 in favor of Bernhard Loeff against certain real estate of Mary Meyer, who appealed to the Appellate Court for the First District, which affirmed the decree, and she prosecutes a further appeal to this court, the Appellate Court having granted a certificate of importance.

On March 20, 1913, the appellant leased the premises in question to Aaron Salzer and David Salzer for a term of ten years, beginning May 1, 1914. The lease contained the following provision: "Lessees shall have the right, upon ten (10) days' previous notice in writing to lessor, to make such changes or alterations as they may deem suitable, provided such changes or alterations shall not diminish the value of the building and shall be paid for by lessees, but all material alterations, except changing the front of the building, shall be first approved in writing by lessor." The appellant was present when the lease was prepared, and the clause just quoted was read to those present. The lessees went into possession on May 1, 1914, and immediately began the making of repairs and alterations in the building, including the changing of the front. No previous notice in writing was given to the appellant, but on the third or fourth day of May she visited the premises and saw repairs being made to the front of the building and a few days later again visited the building and saw the repairs going on. The lessees failed and went into bankruptcy. The decree rendered was for the amount due for material furnished and work performed on the store front exclusively.

The appellant contends that the appellee's knowledge of the provisions of the lease that changes or alterations were to be made only upon ten days' previous notice in writing to the lessor and were to be paid for by the lessees prevented him from acquiring any lien. The statute authorizes a lien upon any lot of land for material or labor furnished in altering or repairing any building thereon under a contract with the owner, or with one whom the owner has authorized or knowingly permitted to contract for the improvement of or to improve the same, and where a lessee is authorized by his lease to make improvements, the contract for such improvements with the lessee is within the terms of the statute. In *Haas Electric Co.* v. *Amusement Park Co.* 236 Ill. 452, the owner of the premises endorsed on the lease a consent that the lessee should have the right to make improvements on the premises, provided that all improvements, alterations and additions made by the lessee should remain on the premises at the expiration of the lease for the benefit of the lessor, and it was held that he thereby subjected his interest to mechanics' liens for labor and material furnished for the improvements. In this case it is claimed that the consent was conditioned upon previous notice in writing to the lessor. She had no such notice but she had actual notice of the making of the improvements. She was at the building and saw them in progress within three or four days of the beginning of them. She did not object to the improvement, but knowing that it had been begun without notice to her she permitted it to proceed without objection. She was entitled to the notice provided in the lease, but she might waive that notice, and by making no objection she knowingly permitted the improvement to be made. The provision of the lease that changes or alterations made should be paid for by the lessee was a binding contract which she had a right to enforce. It was not binding, however, on the appellee even though he had notice of it.

It is argued that the case of *Boyer* v. *Keller*, 258 Ill. 106, holds, by implication, that if the provision of the lease in that case that all alterations and repairs were to be paid for by the lessee had been known to the contractors the lessor would not have been held liable for the improvements that the lessee was permitted to make. Such an inference is not to be drawn from the opinion. The contractors there were not aware of this provision of the lease and therefore could not be affected by it, but the conclusion is not to be drawn that if they had known of it they would have been affected by it. The object of the statute is to give a lien for labor or material furnished in the improvement of real property to the persons furnishing such labor or material, and every interest in the real estate improved is subject to the lien if the owner of such interest knowingly permitted the improvement to be made. However strictly the owner may have forbidden any change, alteration or improvement in his property by the terms of a lease, nevertheless, if he knowingly permits improvements to be made by his tenant the contractor will not be affected by the prohibitions in the lease. The land is bound for the payment of the cost of the improvement permitted by the owner even though the owner has expressly contracted that he shall not be bound unless such contract is made with the person furnishing the labor or material. The agreement of a landlord with his tenant to permit the latter to improve at his own cost the rented property merely grants a privilege to the tenant but does not relieve the land from the lien imposed by the statute. The landlord may exempt his land from any lien by not permitting the improvement to be made or by requiring beforehand a release of the lien by the contractor, but if he permits the making of the improvement on credit he subjects his land to the lien of the statute if the tenant fails to pay in accordance with his contract.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*