Republic National Life Insurance Company, Plaintiff-Appellee, v. Russell W. Hedstrom et el., Defendants-Appellees, Edward Bryant et al., Defendants-Cross-Complainants-Appellees, United States of America, Defendant-Appellant.

Gen. No. 10,563.

Opinion filed May 2, 1952. Released for publication May 22, 1952.

OTTO KERNER, JR., United States Attorney, of Chicago, for appellant; JOHN PETER LULINSKI, and WALTER F. J. KRAWIEC, Assistant United States Attorneys, both of Chicago, of counsel.

HALL, MEYER & VAN DEUSEN, of Waukegan, for appellees; WILLIAM J. NEMANICH, and LLOYD A. VAN DEUSEN, both of Waukegan, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

The Republic National Life Insurance Company started a foreclosure suit in the circuit court of Lake county, against Russell W. Hedstrom et al. Hedstrom and his wife were the original mortgagors. Edward Bryant and his wife were tenants in possession of the mortgaged premises. The United States of America

was made a party defendant because it had various tax liens filed against the mortgagors. The case was referred to the master in chancery to take proofs and to report his conclusions, both as to law and the facts. After hearing the evidence, he reported that the mortgagee was entitled to a first lien on the premises; that the Bryants were entitled to a second lien and that the United States was entitled to a lien subject to the other two. The United States of America filed exceptions to the master's report, which were overruled and a decree entered according to the master's findings, and it is from this decree that the case has been brought to this court by appeal.

There is no question involved as to the rights of the original mortgagee, or the amount due it. The United States of America filed tax liens against the mortgagors, which notice of lien was filed on May 5, 1950, with the Recorder of Deeds of Lake county, Illinois. The tenants in possession claimed by their pleadings and the evidence shows that they had made certain improvements on the mortgaged real estate, and claimed they had a mechanic's lien for the same, which was superior to that of the United States for income tax liens. Notices of liens were filed by the collector with the Recorder of Deeds of Lake county, Illinois, as follows: December 24, 1946, December 11, 1947, December 11, 1947, March 15, 1948, and another on March 15, 1948, a total of some $18,000.

Under a lease dated June 15, 1950, Edward Bryant and Jean Bryant came into possession of the mortgaged premises. By its terms, the lease was to run to February 28, 1954. In addition to paying rent of $200 per month, the tenants were required to make certain repairs and improvements on the property. Some improvements were made and the Bryants now claim a mechanic's lien for the value of the improvements to the property, and it is this claim that the

court found was superior to the tax claims of the United States Government.

The case of *People v. Bank of Rushville,* 355 Ill. 336, was a suit involving a claim for taxes and preferred creditors of a defunct bank. The court held that the tax claims were superior to any other preferred creditors. In the course of the opinion we find this language: "A claim for taxes is entitled to priority over individual debts. Taxes are levied for the support of the government and take precedence over all other demands against the property owner. The property of the owner may be seized and sold though there may be other liens upon it. Payment of taxes may be enforced to the exclusion of all other creditors. A tax is not a debt nor in the nature of a debt. A debt is a sum of money due by contract, express or implied, or arising out of a judgment, while a tax is a charge on persons or property to raise money for public purposes and operates *in invitum."*

In the case of *In Re Capital Foundry Corporation* decided by the District Court of New York, reported in 64 Federal Supplement at Page 885, a dispute arose between a mechanic's lien holder and the United States Government on a claim for unpaid taxes. The court, after stating the law relative to such cases, states: "Thus it is clearly indicated in the enumeration of priorities that taxes due the United States take priority over a claim of a mechanic's lienor under the mechanic's lien law of any state."

In the case of *United States v. City of Greenville,* reported in 118 Federal Reporter, Second Series at Page 963, a dispute arose between the State of South Carolina and the United States Government as to which had a superior lien for unpaid taxes. After discussing the filing of the claim for a lien by the Government, the court goes on to say: "After the lien provided by the statute attaches, the property has in

a sense two owners, the taxpayer and, to the extent of the lien, the United States. Com'r v. Coward, 3 Cir., 110 F. 2d 725, 727. The lien cannot be affected by state legislation respecting the recording or registering of mortgages or liens. . . . Nor can it be affected by homestead, spendthrift trust or stock transfer acts of the states. . . . And we think it equally clear that, without the consent of Congress, it cannot be affected by the exercise of state taxing power.

"Whether viewed as an interest of the federal government in the property to which it has attached or as an instrumentality of the federal government for the collection of taxes due that government, it is beyond impairment by the exercise of state power. In the first view, it must be remembered that property of the federal government may not be taxed by the states without the consent of Congress, and, in the second, that Congress has power to lay and collect taxes of the sort here involved and to make all laws necessary and proper for that purpose, and that such laws, when made, are the supreme law of the land. . . . Florida v. Mellon, 273 U. S. 12, 17, 47 S. Ct. 265, 266, 71 L. Ed. 511. In the case last cited, which involved the contention that the federal estate tax interfered with the state's power of taxation, the court said: "The act assailed was passed by Congress in pursuance of its power to lay and collect taxes, and, following the decision of this court in respect of the preceding act of 1916 must be held to be constitutional. If the act interferes with the exercise by the state of its full powers of taxation or has the effect of removing property from its reach which otherwise would be within it, that is a contingency which affords no ground for judicial relief. The act is a law of the United States, made in pursuance of the Constitution, and therefore, the supreme law of the land, the Constitution or laws of the states to the contrary notwithstand-

ing. Whenever the constitutional powers of the federal government and those of the state come into conflict, the latter must yield."

In *McCulloch v. Maryland, supra* (4 Wheat. 436, 4 L. Ed. 579), the court, speaking through CHIEF JUSTICE MARSHALL, said: "The Court has bestowed on this subject its most deliberate consideration. The result is a conviction that the States have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by Congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared."

"(9) Whether the lien provided by the statute is entitled to priority over antecedent liens for taxes duly perfected by states or municipalities, is a question which is not before us and which we need not decide. It would seem, however, that the lien was intended to attach to the property of the taxpayer subject to existing encumbrances; and this is borne out by the provision that it shall not be valid as against mortgagees, purchasers or judgment creditors until notice thereof is duly filed as provided by the act. This interpretation places liens of the federal government and liens of the states on an equal basis for the application of the principle first in time, first in right (Rankin v. Scott, 12 Wheat. 177, 179, 6 L. Ed. 592), which is the principle ordinarily applied with respect to priority of liens, and the one applied between a tax lien and other liens where the tax lien is not made paramount by statute. 61 C. J. p. 934. The contention that priority of right should not be accorded a lien of the federal government prior in time because the statute contains no provision that the federal tax shall be first paid, ignores the principle that a state may not burden the taxing power of the federal government

559

without its consent, and that, in the absence of such consent, no tax upon the property of the federal government or any of its instrumentalities can be sustained. The thing of significance to be noted is, not that the statute does not give priority to the federal tax, but that it does not grant permission to the states to interfere with a lien of the federal government by subsequent exercise of their taxing powers.'' It seems clear from this case that the taxing power of the Government is supreme and the State nor no other taxing body can interfere with the collection of the taxes due the Government provided that the claim for lien is filed in time and before the other lien claimant's right to a lien has been established.

The appellees rely strongly upon the case of *In Re Taylorcraft Aviation Corporation, U. S. v. Martin Fireproofing Corporation,* 168 Federal Reporter, Second Series 808. In that case there was a dispute between the parties whether a mechanic's lien was superior to that of the claim of the Government for unpaid taxes. Under the laws of the State of Ohio, a mechanic's lien dates from the time that the first material is furnished, and the court held that the lien was established on August 6, 1946, and the Government's claim for lien was not filed until November 8, 1946, and the court held under these circumstances that the maximum first in time, first in right, applied and held that the Government's claim was subordinated to that of the mechanic's lien. This case has little bearing upon the question in the present case.

In the case of *Continental & Commercial Trust & Savings Bank v. Werner,* reported in 215 Pacific Reporter, Page 458, a dispute arose as to whether the parties who had furnished water for the land under the state law, or general taxes levied on the same, which had a prior lien for their debt. The court in

passing upon the merits of the case quote from the case of *Minnesota v. Central Trust Company,* 94 Fed. 244 wherein it is said: "... It cannot be inferred that the lien for personal taxes . . . was intended to be subordinate to all prior private liens, because the Legislature failed to say that it should be deemed paramount. On the contrary, considering the character of the obligation and the dignity usually accorded to such liens, in public estimation, and above all, considering the necessity which exists for giving them priority in order that the public revenues may be promptly and faithfully collected, we conclude that the inference should be that the lien was intended by the Legislature to be superior to all liens, prior or subsequent, claimed by individuals, and that nothing should be allowed to overcome this inference but a plain expression of a different purpose found in the statute itself."

In the case of *Schmitz v. Stockman,* in 101 Pacific Reporter, Second Series, 962 cited by the appellee as sustaining their contention that the Government's tax lien should be subordinated to a lien of the people who had a chattel mortgage for harvesting a crop of wheat on which the Government had a lien. The record shows that the chattel mortgage was filed prior to the time the Government filed its lien for taxes. The court stated: "We think these liens have priority in the order of their filing dates."

In the present case the government lien for taxes was filed prior to the mechanic's lien. As before stated, the claim for taxes is not derived from a contract, but is an obligation placed upon the parties against their will. There is some authority to the effect that the government lien for taxes should be subordinated to private rights, but the weight of authority is against this proposition. It is our conclusion in this case that the trial court should have allowed the government

lien as being prior to that of the claim for mechanic's lien.

The judgment therefore, is hereby reversed and the cause remanded.

*Judgment reversed and cause remanded.*