Carl Calacurcio, Plaintiff-Appellee, v. Charles Levson and Joe Ella Levson, Husband and Wife, and Robert T. Scott, Trustee, Defendants-Appellants.

Gen. No. 65–100.

Second District.

April 18, 1966.

Brown, Connolly, Paddock and Roszkowski, of Rockford, for appellants.

Thomas and Kostantacos, of Rockford, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Winnebago County wherein the court adjudged plaintiff entitled to an equitable lien in the amount of $3945.39 in and to certain premises owned by defendants, Charles Levson and Joe Ella Levson. The remaining defendant appears to be Trustee under a trust deed to the property and we are not required to consider his interest in determining the issues before us.

The Levsons are owners of an improved parcel of property located in the City of Rockford. By two contracts, one under date of August 5, 1964, and one under date of August 6, 1964, they entered into an agreement with a contracting company, owned by James Wiseman, to make certain remodeling improvements upon the prem-

ises. The total contract price was to be $4,600 with $920 down payment. The contract provided the work was to be completed on or before November 6, 1964. What happened thereafter is in dispute.

The plaintiff testified the Levsons came to him, and because of their distrust of Wiseman, asked him if he would handle the financial pay-outs under the contract. According to his testimony, they gave him the $920 down payment and assured him that they expected to receive a loan from the Central National Bank. He agreed to help them and started making pay-outs. When the $920 was exhausted, he asked for more money. They advised him the loan had not been approved as yet, and requested that he advance moneys to them so that the remodeling could be sufficiently completed to permit securing the loan. He agreed. In his complaint he alleged that he had expended $4,225.39 of his own money in paying the contractor, some of the workmen and material suppliers. While the defendants admitted they had given him the $920, they denied ever requesting him to advance any of his own money; denied they had ever told him they expected a loan; and denied that Wiseman had finished the job.

Wiseman testified as to the execution of the contract, the request for additions above and beyond the contract and as to the completion of all but a small part of the remodeling before they discharged him for failure to complete the work before November 6, 1964. As to the negotiations with plaintiff, his testimony supported that of plaintiff rather than that of defendants.

Plaintiff filed his complaint in two counts. In Count I he sought to enforce a mechanic's lien as subrogee of Wiseman and the others for whose labor and materials he had paid. In Count II he sought to impress upon the property an equitable lien. The defendants filed a counterclaim in which they claimed that plaintiff owed them $750.30 because Wiseman had not finished the work.

262

The court, on motion, dismissed the counterclaim. After hearing the testimony and examining the evidence the court dismissed Count I and entered the order referred to above on Count II of the complaint.

The primary issue is whether the court erred in finding that plaintiff was entitled to an equitable lien. As this court held in Marshall Savings & Loan Ass'n v. Chicago Nat. Bank, 56 Ill App2d 372, at Page 378, 206 NE2d 117:

> "The essential elements of equitable liens include (1) A debt, duty or obligation owing by one person to another, (citing cases) and (2) a res to which that obligation fastens, which can be identified or described with reasonable certainty. (Citing cases.)"

The defendants concede that equitable liens may arise by implication, but on the other hand, assert that because the tendency is to limit rather than extend the doctrine, the agreement to create an equitable lien must be either in writing or must clearly show the parties intended to make the property stand as security for the debt. While the cases they cite make such statements, they are dealing in situations clearly distinguishable from that before us. Crane v. Caldwell, 14 Ill 468.

The trend of modern decisions is to hold that in the absence of an express contract, a lien based upon the fundamental maxims of equity may be implied and declared by a court of equity out of general considerations of right and justice as applied to the relationship of the parties and the circumstances of their dealing, Sentel v. James, 16 Ill App2d 373, 148 NE2d 22. An equitable lien is the right to have property subjected in a court of equity to payment of a claim. It is neither a debt nor a right of property, but a remedy for a debt. Watson v. Hobson, 401 Ill 191, 201, 81 NE2d 885. In this case the trial court determined that plaintiff had expended his own money for the improvement of property belonging

to the Levsons and that he did so at their request. To permit them to enjoy the benefits of the improvements without impressing a lien on the property in favor of the plaintiff would constitute unjust enrichment. It is a general rule that if a stranger makes an improvement on land of another, the improvement becomes the property of the owner of the land. In equity, if the owner stands by and permits another to spend money in improving the land, there is an implied promise that the owner will pay the reasonable value of the improvements. Pope v. Speiser, 7 Ill2d 231, 235, 236, 130 NE2d 507. It must follow that when one requests a stranger to improve the land, equity will afford that stranger a just remedy for the debt thereby created.

■ Defendants' final contention is that the trial court was mistaken in arriving at the dollar amount of the lien. Plaintiff introduced over 40 exhibits, some of which were cancelled checks and others which were receipts. It appears that the amount of the lien as determined by the court is within the total of the amounts represented by these exhibits. Under the circumstances of this case we are not inclined on review to substitute our judgment, discretion or ability to add and subtract, for that of the trial court.

Absent a more forceful showing of wherein the court erred and for the reasons expressed, the judgment is affirmed.

Judgment affirmed.

MORAN, P. J. and DAVIS, J., concur.