MILTON H. VILLEGAS, Plaintiff-Appellee, v. BOARD OF FIRE AND PO-LICE COMMISSIONERS OF THE VILLAGE OF DOWNERS GROVE *et al.*, Defendants-Appellants.

Second District   No. 2—93—0588

Opinion filed August 30, 1994.

Daniel P. Blondin, of Downers Grove, for appellants.

Poris, Lawrence & Evans, of Lisle (Kenneth E. Poris, of counsel), and Law Offices of John H. Brechin, of Itasca (John H. Brechin, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The defendants, the Board of Fire and Police Commissioners of the Village of Downers Grove (the Board), the Village of Downers Grove (Village), Kurt Bressner, Stanley Greanias, James Haley, Terry Chiganos, and John P. Wander, appeal the trial court's denial of their motion to reconsider an order entered on March 5, 1993, which found unconstitutional section 17—33(b) of the Downers Grove municipal code and ordered the plaintiff, Milton H. Villegas, to be reinstated to his position with the Village fire department with back pay and lost benefits. For the following reasons, we affirm.

The Village of Downers Grove is an Illinois municipal corporation and a home rule unit of local government. (Ill. Const. 1970, art. VII, § 6.) Pursuant to its power as a home rule unit, the Village adopted ordinance 2036 in 1977, which amended various sections of the Downers Grove municipal code to establish home rule procedures governing certain aspects of Village affairs. (Downers Grove, Ill., Municipal Code, §§ 2—69 through 2—73, §§ 17—29 through 17—33 (1990).) Section 17—33 sets forth the procedures to be followed in disciplining personnel under the jurisdiction of the Board, which includes members of the Downers Grove fire department. Section 17—33 conveys the authority to impose discipline to the chief of each department, rather than to the Board. The procedure requires notification of the charges to the employee in writing, provides for a hearing to allow the employee to defend against the charges, and allows the employee to obtain *de novo* review by the Board *in certain instances.*

On January 9, 1992, the plaintiff was served with a written notification of violations of departmental rules and regulations pursuant to section 17—33(b)(i) of the municipal code. (Downers Grove, Ill., Municipal Code § 17—33(b)(i) (1990).) The charges listed seven violations, including neglect of duty, filing false written reports, making false statements to a superior officer, making false statements during an interrogation regarding the false reports, and failing to show proper respect for superior officers. The notice of the charges

advised the plaintiff to appear before Fire Chief John P. Wander on January 23, 1992, to defend against the charges.

The plaintiff met with Chief Wander as requested. No witnesses were sworn and the plaintiff was not afforded the opportunity to confront or cross-examine adverse witnesses. The hearing consisted of a discussion between counsel and Chief Wander with a statement by the plaintiff. On February 12, 1992, the plaintiff was served with a written notice of finding of cause for disciplinary action, in which Chief Wander ordered the plaintiff discharged and removed from his position as engineer and member of the fire department.

On February 18, 1992, the plaintiff sought review of the chief's discharge order by the Board. A hearing was set for March 10, 1992. However, on March 10, 1992, the plaintiff filed a complaint in the circuit court of Du Page County to enjoin the Board from commencing the hearings and for administrative review of the order of discharge. At the same time, the plaintiff sought a temporary restraining order (TRO) to enjoin the Board from reviewing the fire chief's order. The proceedings of the Board were continued until the trial court ruled on the merits of the plaintiff's complaint.

On March 12, 1992, the trial court issued a TRO. However, the TRO was dissolved on March 18, 1992, pursuant to the trial court's ruling that the plaintiff failed to exhaust his administrative remedies. The trial court's order preserved the plaintiff's right to challenge the validity of the Village ordinance at a later time.

On April 27, 1992, the Board commenced a *de novo* hearing in which evidence was presented which indicated that while the plaintiff was the ranking person on duty and in charge at one of the Downers Grove fire stations on August 25, 1992, several of the fire fighters, namely, Jeffrey A. Vandevoore, Kevin P. King, Jeffrey S. Oakley, and the plaintiff, were playing basketball when Oakley injured his ankle. The plaintiff decided, with Vandevoore, King, and Oakley, to falsely report that the injury occurred when Oakley stepped on a barbell weight on the floor of the weight room which caused his ankle to twist. The fire fighters testified that they decided to falsely report Oakley's injury because they believed their basketball privileges would be revoked if the true cause was revealed.

Shortly after the injury, the plaintiff telephoned Captain Feld at another fire station to report Oakley's injury. The plaintiff informed Captain Feld that Oakley twisted his ankle when he stepped on weights on the floor of the station and that the injury was caused by a lack of weight storage racks which had been cut from the budget. On the same day, the plaintiff prepared and signed an investigation report which falsely reported the cause of Oakley's injury. Oakley

and King also prepared and filed false reports regarding the accident which indicated that Oakley twisted his ankle by stepping on a weight on the floor of the weight room.

On September 25, 1991, the plaintiff, Vandevoore, Oakley and King received a notice from Chief Wander directing them to submit a written report regarding Oakley's injury on August 25, 1991. Again, the plaintiff submitted a false report. Next, the men were served with notices which directed them to attend formal interrogations regarding the injury to Oakley. On November 13, 1992, the plaintiff stated that he did not advise any of the other fire fighters to submit false reports. At the hearing, Vandevoore testified that the plaintiff urged them to adhere to the "weight room story" or they could lose their jobs.

On July 31, 1992, the Board entered an order finding the plaintiff guilty of four of the charges. The Board further found the plaintiff's actions "constitut[ed] a substantial shortcoming which renders his continuance in office detrimental to the discipline and efficiency of the Downers Grove Fire Department and constitutes cause for discharge within the meaning of Section 17—33(b)(i) of the Downers Grove Municipal Code." The Board discharged and removed the plaintiff from his position as engineer with the fire department, effective February 12, 1992.

On August 20, 1992, the plaintiff filed an amended complaint against the Board seeking a declaratory judgment that the hearing process provided by the municipal code violated the plaintiff's due process rights. The complaint also sought judicial review of the Board's decision to terminate his employment under the Administrative Review Act. Oral arguments were heard by the trial court, and on March 5, 1993, Honorable John W. Darrah issued an order "*nunc pro tunc* [*sic*]," which stated as follows:

"1. That Chapter 17—33(b) of the Downers Grove Municipal Code is unconstitutional on its face as it applies to discharge hearings; and

2. That Chapter 17—33(b) of the Village of Downers Grove Municipal Code is unconstitutional as applied to the Plaintiff, MILTON H. VILLEGAS, in this cause.

3. That Chapter 17—33(b) of the Village of Downers Grove Municipal Code fails to provide employees who have been discharged by the chief of the department, with the right to a *de novo* evidentiary review of the termination as is afforded to other employees who are not terminated.

4. That Chapter 17—33 of the Village of Downers Grove Municipal Code is only unconstitutional for the reasons set forth herein and not for the other reasons advanced by Plaintiff.

5. That Plaintiff, MILTON H. VILLEGAS, was denied a hearing before Chief Wander as required by due process and *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S. Ct. 1487 (1985).

6. That the findings and decision of the Defendant Board of Fire and Police Commissioners of the Village of Downers Grove, Illinois, in the hearing said Board did conduct, were not against the manifest weight of the evidence and were supported by the record. Further, the Board's order of July 31, 1992, sustaining Chief Wander's order discharging Milton H. Villegas was not arbitrary or unreasonable, nor was the discipline imposed unrelated to the needs of the Downers Grove Fire Department.

\* \* \*

3. That the orders of discharge of the Plaintiff, MILTON H. VILLEGAS are invalid and void and same are reversed *instanter.*
\*\*\*

5. That the Defendant Board of Fire and Police Commissioners of the Village of Downers Grove, Illinois, under Chapter 17—33(b) of the Downers Grove Municipal Code, lacked authority to review a decision to discharge an employee made by the chief of either the fire or police department pursuant to the working and application of said chapter and section of the said code.

6. That [the] Plaintiff, MILTON H. VILLEGAS, be and hereby is reinstated *instanter* to his position of engineer with the Village of Downers Grove Fire Department with said MILTON H. VILLE-GAS to be reimbursed for all back pay and other lost benefits as a result of the Defendant's orders of termination."

The defendants filed a motion to reconsider the March 5, 1993, order. The motion was denied. The defendants appealed the portion of the order finding section 17—33 unconstitutional and ordering the plaintiff's reinstatement with back pay and lost benefits. No appeal was taken from the portion of the order which declared that the decision of the Board was not against the manifest weight of the evidence, that the findings of the Board were supported by the record, that the Board's order was not arbitrary or unreasonable, and that the discipline imposed was not unrelated to the needs of the service. The plaintiff did not file a cross-appeal.

The defendants contend that the ordinance under which the plaintiff was discharged is not unconstitutional. The defendants further contend that the plaintiff was afforded all the process that is due under the fourteenth amendment to the United States Constitution. U.S. Const. amend. XIV.

■ The existence of a property right in public employment depends on whether State law has affirmatively created an expecta-

tion that a particular employment relationship will continue. (*Bishop v. Wood* (1976), 426 U.S. 341, 344-45, 48 L. Ed. 2d 684, 690, 96 S. Ct. 2074, 2077.) In Illinois, the rights, powers, and authorities of a municipal corporation are governed by the Illinois Municipal Code. (65 ILCS 5/1—1—1 *et seq.* (West 1992).) In 1977, the Village of Downers Grove acted pursuant to its authority as a home rule unit of local government by enacting an ordinance which was intended to supersede the Illinois Municipal Code. (See *Stryker v. Village of Oak Park* (1976), 62 Ill. 2d 523, 527.) Section 17—33 of the Downers Grove municipal code provides that employees of the fire and police departments may only be disciplined "for cause." As such, the employees of the fire and police departments have a property right in their continued employment which cannot be taken away without due process of law. The fundamental requirement of procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner. It is a flexible concept which calls for such procedural protections as a particular situation demands. (*Northern Illinois Home Builders Association, Inc. v. County of Du Page* (1993), 251 Ill. App. 3d 494, 509.) In *Cleveland Board of Education v. Loudermill* (1985), 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487, the Supreme Court considered the parameters of procedural due process under the due process clause. In *Loudermill,* an employee with a property interest in his continued employment as a security guard with the Cleveland Board of Education was terminated for falsifying information on his job application. The Ohio statute governing the termination procedures for civil service employees did not afford employees an opportunity to respond to the charges against them or to challenge the dismissal prior to termination. The plaintiff challenged the constitutionality of the statute on the basis that it did not provide the employee with the opportunity to respond to the charges prior to removal, which deprived him of liberty and property without due process.

In striking down the statute as unconstitutional, the Supreme Court balanced the competing interests of the statute's removal procedures. While depriving an employee of a pretermination hearing enhances the expeditious removal of unsatisfactory employees, the risk of erroneous termination is great. According to the *Loudermill* Court, affording the employee an opportunity to respond to the charges would impose "neither a significant administrative burden nor intolerable delays." (*Loudermill,* 470 U.S. at 544, 84 L. Ed. 2d at 505, 105 S. Ct. at 1494.) While the Court determined that procedural due process requires oral or written notice, a pretermination opportunity to respond, and post-termination administrative

procedures at a meaningful time, it stated that a full adversarial evidentiary hearing was unnecessary. Since the statute failed to provide the plaintiff with an opportunity to respond to the charges, the court found the statute unconstitutional on its face and remanded the cause to the trial court for further proceedings.

Section 17—33(b) of the Downers Grove municipal code sets forth the pertinent procedural requirements in disciplinary actions:

"(b) Charges, disciplinary action; appeal.

(i) Except as provided in section 17—32(d) and (e)(ii) of this article, each employee within the fire and police departments shall be subject to discipline by the chief of that department for cause by written reprimand or censure, and upon the approval of the village manager, by suspension without pay for a period not in excess of thirty working days, demotion to the next lower rank, or discharge and dismissal from the department. *** Before taking disciplinary action on such charges, if any, the chief shall conduct a hearing to present such charges to the employee and to afford an opportunity for the employee to appear in person before the chief and defend against such charges. If, following such hearing, a finding of cause for disciplinary action is made, written notice of such disciplinary action shall be served on the employee, with a copy thereof furnished to the board for its information if such action is appealable to the board under this section.

(ii) An employee who is officially reprimanded, censured or suspended for three days or less (referred to in this section as 'minor disciplinary action') may appeal such action to the village manager, who shall afford such employee a reasonable opportunity to be heard in person in his own defense.

(iii) Except as provided in section 2—72(a)(1) of this Code and section 17—32(e)(ii) of this article, an employee who is demoted or suspended without pay for more than three days (referred to in this section as 'major disciplinary action') may appeal such action to the board by filing with the board a written notice of such appeal within seven days after the date of delivery to such employee of written notice of such disciplinary action, or within seven days after the informal prehearing meeting, if any, under paragraph (e) of this section whichever is later. Upon such appeal, the board shall conduct a hearing to review the disciplinary action. Right of appeal to the board under this paragraph shall not apply to disciplinary actions against probationary employees or to investigative suspensions provided for in paragraph (b) of this section." Downers Grove, Ill., Municipal Code § 17—33 (1990).

The trial court found the foregoing ordinance, specifically subparagraph (b), unconstitutional on its face "in that it failed to provide

the employee of the defendant municipality with a *de novo* evidentiary review of *termination* by the Chief as it does provide for *de novo* review of other disciplinary proceedings before the Defendant, Board of Police and Fire Commissioners." The ordinance specifically states that in "minor disciplinary actions," wherein an employee is officially reprimanded, censured or suspended for three days or less, the employee may appeal such action to the village manager. (Downers Grove, Ill., Municipal Code § 17—33(b)(ii) (1990).) In "major disciplinary actions," wherein an employee is suspended or demoted without pay for more than three days, the employee may appeal such action to the board by filing with the board a written notice of appeal within a certain time frame. (Downers Grove, Ill., Municipal Code § 17—33(b)(iii) (1990).) In the trial court's interpretation, the ordinance is unconstitutional on its face because it *fails to expressly include a discharge or termination as a matter which may be appealed to the Board.* The trial court further found the ordinance unconstitutional *as applied* because the plaintiff was not afforded a pretermination hearing as is necessary under *Loudermill.* Thus, the trial court ordered the plaintiff to be reinstated to his position as engineer, with back pay and benefits.

The construction of a statute or ordinance is a question of law. (*Makowski v. City of Naperville* (1993), 249 Ill. App. 3d 110, 122.) In reviewing the trial court's finding concerning the constitutionality of a statute or ordinance, the appellate court conducts *de novo* review and construes the statute independently without deference to the trial court's judgment. *Bank of Waukegan v. Kischer* (1993), 246 Ill. App. 3d 616, 621.

In construing a statute or ordinance, the court must ascertain and effectuate the overall intent of the drafters. (*Granite City Division of National Steel Co. v. Illinois Pollution Control Board* (1993), 155 Ill. 2d 149, 181.) The intent of the drafters is best determined by initially considering the plain and ordinary meaning of the language itself. (*Northern Illinois Home Builders Association,* 251 Ill. App. 3d at 500.) If the language is clear and unambiguous, the court must enforce the law as enacted, without employing extrinsic aids to construction. *Makowski,* 249 Ill. App. 3d at 122.

The defendants contend that the plaintiff was not denied due process. The defendants argue that written notice of the charges was provided to the plaintiff. Further, plaintiff was given an opportunity to meet with Chief Wander to present his side of the story. After the discharge order was issued, the plaintiff sought and was given a full *de novo* hearing before the Board. Thereafter, the plaintiff was afforded further review of the propriety of the discharge order in the

context of administrative review in the trial court. Thus, the defendants contend that the plaintiff received all the process that was due under *Loudermill.*

The defendants further contend that the trial court's interpretation of the ordinance is overly restrictive because discharge and termination proceedings are covered within the provisions applicable to "major disciplinary actions." The defendants contend that, although section 17—33(b)(iii) does not use the word "discharge," it does not exclude discharge as an appealable order. Thus, the defendants urge this court to interpret the ordinance *in pari materia* with other sections of the Downers Grove municipal code, with proper weight attributed to prior interpretations of the section by the defendants in which terminations were included within the provisions for "major disciplinary actions." We find defendants' arguments disingenuous.

According to the defendants, section 17—33 has consistently been interpreted and applied by the Village as providing a right of appeal of discharge orders to the Board. An affidavit by Gregory Zimmerman, director of employee relations for the Village of Downers Grove, states that there have been three cases of involuntary termination of nonprobationary police and fire department employees since section 17—33 was enacted. According to Zimmerman, these cases were processed consistent with the interpretation that the affected employee had a right to appeal the chief's discharge orders to the Board. Defendants cite three Rule 23 orders disposing of these cases in support of their contentions. We will not consider these Rule 23 orders as they are not precedential. 134 Ill. 2d R. 23.

Notwithstanding that the plaintiff in the instant case received *de novo* review of the Board's decision, the issue of the constitutionality of the ordinance remains. Even if an ordinance is applied in a constitutional fashion, it is invalid *ab initio* if it is unconstitutional on its face.

The defendants urge this court to interpret section 17—33 of the Downers Grove municipal code *in pari materia.* However, this manner of construction does not allow a court to insert missing terms into a defective enactment. The express provisions of section 17—33(b)(ii) allow an appeal to the village manager in "minor disciplinary actions," defined therein as official reprimands, censures, or suspensions for three days or less. (Downers Grove, Ill., Municipal Code § 17—33(b)(ii) (1990).) Further, section 17—33(b)(iii) provides for an appeal to the Board in "major disciplinary actions," *defined therein* as demotions or suspensions without pay for more than three days. (Downers Grove, Ill., Municipal Code § 17—33(b)(iii) (1990).) *There is*

*absolutely no reference in the entire municipal code of the course of action to be taken when an employee is terminated or discharged.*

When an act defines its own terms, those terms must be construed according to the definitions prescribed. (*Benhart v. Rockford Park District* (1991), 218 Ill. App. 3d 554, 558.) Under the rule of *expressio unis est exclusio alterius*, when an act lists things to which it refers, the court may infer that any omissions were intended as exclusions, even if there are no negative words prohibiting it. (*Bank of Waukegan*, 246 Ill. App. 3d at 620.) The court should not insert words into a poorly drafted enactment when it otherwise presents a cogent and justifiable scheme. *Auto Owners Insurance v. Berkshire* (1992), 225 Ill. App. 3d 695, 698.

■ Applying these principles, we determine that section 17—33 of the Downers Grove municipal code is unconstitutional on its face because it fails to provide an employee who is discharged by the chief of the department with the *right* to appeal that decision to a neutral third party. The language of section 17—33(b)(iii) of the municipal code clearly and unambiguously excludes discharge and termination from its definitions of "minor" and "major disciplinary actions." While the Village has interpreted this ordinance in a manner which provides an appeal of termination orders to the Board, we are not bound by a construction which is clearly erroneous, arbitrary, or unreasonable. (See *Krall v. Secretary of State* (1988), 168 Ill. App. 3d 478, 484.) The rules of construction indicate that when the language of a statute is certain and unambiguous, it must be enforced as written, without resort to extrinsic aids. *Workmann v. Illinois State Board of Education* (1992), 229 Ill. App. 3d 459, 463.

In our view, the language of the ordinance clearly and unambiguously excludes discharge and termination orders from matters which may be appealed to the Board. We will not enlarge on the definitions provided within the ordinance or resort to extrinsic aids of construction to create constitutional rights which are not set forth within the framework of the ordinance. Thus, we determine that the ordinance is unconstitutional on its face as it pertains to discharged or terminated employees.

■ The trial court also found the ordinance unconstitutional *as applied* to the plaintiff because he was not afforded a hearing before Chief Wander as required by *Loudermill*. The defendants contend that this ruling was improper since the plaintiff received a hearing before Chief Wander as well as *de novo* review of the chief's order by the Board. Section 17—33(b)(i) of the ordinance states that in any disciplinary action, including discharge and dismissal from the department, the employee shall be notified of the violations in

writing. Before taking disciplinary action, the Chief "shall conduct a hearing to present such charges to the employee and to afford an opportunity for the employee to appear in person before the chief and defend against such charges." (Downers Grove, Ill., Municipal Code § 17—33(b)(i) (1990).) In this case, the plaintiff was notified of the charges in writing and a date was set for him to appear before Chief Wander and defend against the charges. The hearing consisted of an informal meeting between the plaintiff and Chief Wander. No witnesses were sworn and the plaintiff was not given the opportunity to rebut the evidence against him.

In *Loudermill,* the Supreme Court determined that procedural due process requires notice and an opportunity to respond. Although a pretermination hearing is required, the formality of the hearing can vary " 'depending upon the importance of the interests involved and the nature of the subsequent proceedings.' " (*Loudermill*, 470 U.S. at 545, 84 L. Ed. 2d at 506, 105 S. Ct. at 1495, quoting *Boddie v. Connecticut* (1971), 401 U.S. 371, 378, 28 L. Ed. 2d 113, 119, 91 S. Ct. 780, 786.) Since the discharged employees in *Loudermill* were entitled to a full administrative hearing and judicial review at a later time, the Supreme Court determined that a full evidentiary pretermination hearing was not necessary. Since the post-termination process was void, a full evidentiary *pre*termination hearing was required by *Loudermill* in this case. Since the ordinance only provides for a pretermination hearing before the chief, and the hearing that was provided did not allow the plaintiff to cross-examine witnesses or rebut evidence against him, we determine that the ordinance is also unconstitutional *as applied* to this plaintiff.

■ Finally, the defendants assert that even if the ordinance is found to be unconstitutional, the trial court's order which reinstated the plaintiff with back pay and lost benefits is erroneous. We disagree. Since we have determined that the ordinance is unconstitutional on its face and void *ab initio*, the proceedings under which the defendant was discharged are a nullity. (*Board of Junior College District 504 v. Carey* (1969), 43 Ill. 2d 82.) When the fire chief ordered the plaintiff's termination, he lost all entitlement to his employment. He received no pay from the date of the order. Since our ruling renders the decision of the Board a nullity, and the ordinance provides no right to an appeal, the fire chief's decision to discharge the plaintiff is also a nullity. Thus, the plaintiff is entitled to the pay and benefits which were wrongfully taken from him when the fire chief ordered his employment terminated.

Because we affirm the unconstitutionality of the ordinance as applied by the fire chief, we need not address the trial court's *dicta*

relating to the actual but nonauthorized proceedings before the Board.

For the foregoing reasons, we affirm the judgment of the circuit court of Du Page County.

Affirmed.

DOYLE and QUETSCH, JJ., concur.