LEVEYFILM, INC., Plaintiff-Appellant, v. COSMOPOLITAN BANK AND TRUST, Successor in Interest to Cosmopolitan Bank of Chicago, as Trustee, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—94—3016

Opinion filed July 14, 1995.

COUSINS, P.J., concurring in part and dissenting in part.

Mark H. Barinholtz, of Law Office of Mark H. Barinholtz, of Chicago, for appellant.

Walter J. Starck, of Schwartz & Freeman, of Chicago, for appellees.

JUSTICE T. O'BRIEN delivered the opinion of the court:

Plaintiff Leveyfilm, Inc., appeals from an order of the circuit court dismissing counts I and II of its five-count complaint. Count I sought to foreclose a mechanic's lien under the Illinois Mechanics

Lien Act (Act) (770 ILCS 60/1 (West 1992)). Count II requested the imposition of an equitable lien.[1] The circuit court dismissed both counts with prejudice and found no just reason for delaying enforcement or appeal. (134 Ill. 2d R. 304(a).) We affirm in part, reverse in part and remand for further proceedings.

## BACKGROUND

Because the circuit court dismissed counts I and II under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)), the allegations in the complaint are taken as true.

Pursuant to a written agreement, defendant Kelliher Company, as sole beneficial owner of real estate under a trust, and defendant Kerry Corporation, as lessor, leased to plaintiff commercial premises located at 13-15 West Delaware Place, Chicago, Illinois.[2] The most recent lease, dated 1988, was extended by the parties until June 30, 1994.

Beginning in May 1993 and continuing until January 1994, the premises became "plagued" with numerous defects and hazards, including flooding, sewage overflow, fire code violations, friable asbestos contamination, lead paint contamination and other structural defects. These hazards were the result of latent defects not attributable to plaintiff.

Previously, the beneficial owner and the lessor had assumed responsibility for making the necessary repairs or alterations. However, at various times in 1993 and 1994, defendants "requested" plaintiff to perform certain services in an effort to maintain and improve the premises. Such services included the patching of foundation walls, installation of wainscoting, removal of cement floor tiles, removal of carpet tile debris, and preparatory work for the installation of drywall and the removal of asbestos insulation. Plaintiff was eventually forced to abandon the premises on January 22, 1994, due to the aforementioned hazards and defects.

By virtue of defendants' requests for services, plaintiff furnished

---

[1]The complaint also sounded in declaratory judgment, breach of contract, and interference with prospective economic advantage.

[2]Paragraph six of the complaint alleges (in conclusory fashion) that there exists a substantial identity of ownership and interest between the Kelliher Company and the Kerry Corporation such that they are a single enterprise or, alternatively, that the entities were acting as agents of each other. The other defendants are Cosmopolitan Bank and Trust, the owner in fee simple of legal title to the real estate, and Chicago Sinai Congregation, the contract purchaser of the real estate. Chicago Sinai was joined solely as a necessary party.

substantial amounts of labor and materials. However, defendants did not compensate plaintiff for its services or reimburse it for any expenses it incurred. Consequently, on March 16, 1994, plaintiff filed a five-count complaint seeking, *inter alia*, a statutory mechanic's lien and a common law equitable lien.

Defendants thereafter moved to dismiss the entire complaint pursuant to section 2—615 of the Code of Civil Procedure. With respect to count I, defendants raised two arguments in opposition to plaintiff's purported right to a mechanic's lien. First, citing *Carey-Lombard Lumber Co. v. Jones* (1900), 187 Ill. 203, 58 N.E. 347, and *Boyer v. Keller* (1913), 258 Ill. 106, 101 N.E.2d 237, defendants maintained that plaintiff, as lessee, could not be considered a "contractor" under the Mechanics Lien Act. Second, defendants argued that the parties' lease precluded such a lien in this case. Specifically, defendants cited a provision in the lease which prohibited the lessee from placing any mechanic's lien against the property.

With respect to count II, defendants contended that plaintiff could not seek the imposition of an equitable lien because the parties did not intend that the property would serve as a security for payment or reimbursement. (*Oppenheimer v. Szulerecki* (1921), 297 Ill. 81, 130 N.E.2d 325.) They also noted that plaintiff had an adequate remedy at law in light of defendants' breach of contract, as alleged in count IV, and therefore an equitable lien could not lie.

On July 29, 1994, the circuit court granted defendants' motion and dismissed counts I and II with prejudice. Although the record on appeal does not contain a transcript of the hearing, we assume, and the parties so argue, that the circuit court adopted the reasons set forth in defendants' motion to dismiss. Plaintiff then filed a timely appeal with respect to both counts in accordance with Supreme Court Rule 304(a). 134 Ill. 2d R. 304(a).

On appeal, plaintiff contends that the circuit court erred in dismissing count I because plaintiff came within the strict terms of the Illinois Mechanics Lien Act, *Carey-Lombard* and *Boyer* notwithstanding. Plaintiff further submits that the provision in the lease prohibiting the perfection of liens is ineffective where a landlord gives a tenant permission to improve or repair the premises.

With regard to count II, plaintiff posits that a person who renders services in improving or otherwise increasing the value of another's property is entitled to restitution and may enforce the same *vis-a-vis* an equitable lien. Therefore, the circuit court should not have dismissed count II with prejudice.

Although we agree with plaintiff with respect to count I, we find

that the circuit court properly dismissed plaintiff's request for an equitable lien under the facts and circumstances of this case. Accordingly, we affirm in part, reverse in part and remand for further proceedings.

## ANALYSIS

■ The purpose of the Mechanics Lien Act is to require a person with an interest in real property to pay for improvements or benefits which have been induced or encouraged by his or her own conduct. (*Rasmussen v. Harper* (1936), 287 Ill. App. 404, 410, 5 N.E.2d 257.) Section 1 of the Act permits a lien upon premises where the value or the condition of the property has been increased by reason of the furnishing of labor and materials. 770 ILCS 60/1 (West 1992); *Watson v. Watson* (1991), 218 Ill. App. 3d 397, 399, 578 N.E.2d 275.

Nevertheless, the remedy afforded under the Act is in addition to the ordinary remedies at common law; therefore, a party seeking to enforce such a lien must bring himself or herself strictly within the terms of the Act. (*Hoier v. Kaplan* (1924), 313 Ill. 448, 451, 145 N.E. 243.) In this regard, the Act provides in pertinent part:

"60/1. Person entitled to lien—Extent of lien

§ 1. Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or one with whom the owner has authorized or knowingly permitted to contract, improve the lot or tract of land or to manage a structure thereon, or to furnish materials, fixtures, apparatus or machinery \*\*\* or furnish or perform labor or services as \*\*\* laborer or otherwise, in the building, altering, repairing or ornamenting of the same \*\*\* is known under this Act as a contractor, and has a lien upon the whole of such lot or tract of land \*\*\*." 770 ILCS 60/1 (West 1992).

It is clear that the Illinois legislature has chosen to write the Act broadly so as to include "any person" who satisfies the requirements of a lien. A contractor need not be an architect, structural engineer, professional engineer, land surveyor or property manager. Indeed, any person who makes an improvement to land under a contract with an owner can claim a mechanic's lien. *Midwest Environmental Consulting & Remediation Services, Inc. v. Peoples Bank* (1993), 251 Ill. App. 3d 256, 260, 620 N.E.2d 469.

■ As a result, our courts have held, in the context of a lessor-lessee relationship, that an owner's interest in property is subject to a lien for the labor and materials furnished by a third party where the owner authorizes a tenant to contract with another for repairs (*R. Haas Electric & Manufacturing Co. v. Springfield Amusement Park Co.* (1908), 236 Ill. 452, 86 N.E. 248; *Armco Steel Corp. v. La-*

*Salle National Bank* (1975), 31 Ill. App. 3d 695, 335 N.E.2d 93; *Crowley Brothers, Inc. v. Ward* (1944), 322 Ill. App. 687, 54 N.E.2d 753)(abstract of opinion)), or where the owner had notice that such repairs were being made upon the property and made no objection to them. (*Loeff v. Meyer* (1918), 284 Ill. 114, 119 N.E. 908; *Miller v. Reed* (1973), 13 Ill. App. 3d 1074, 302 N.E.2d 131; *Overhead Door Co. of Illinois v. Bernstein* (1936), 285 Ill. App. 587, 3 N.E.2d 169 (abstract of opinion).) Likewise, where a lease provision requires a tenant to undertake improvements with the owner's consent, a lien attaches in favor of a third party who has contracted with the tenant. *Carey-Lombard Lumber Co. v. Jones* (1900), 187 Ill. 203, 58 N.E. 347.

The precise issue in the present case is whether an owner may authorize a tenant to perform repairs and improvements himself, and then claim that the Act does not apply merely because the tenant directly provided the labor and services rather than contract with a third party. As a matter of first impression, we hold that he may not.[3]

As previously noted, under the broad terms of the Act, any person who contracts with a property owner or his agent for the furnishing of services or materials for the benefit of the land may properly claim a lien against the property. (*Delaney Electric Co. v. Schiessle* (1992), 235 Ill. App. 3d 258, 264, 601 N.E.2d 978.) This result obtains regardless of whether the lien claimant may have a leasehold interest in the property. It is the lienor's performance of the contract, and not his status incident to tenancy, which determines his right to a mechanic's lien.

In reaching this conclusion, we note that *Carey-Lombard* and *Boyer* are inapposite to the case at hand. In *Carey-Lombard*, a provision in a lease required tenants to erect certain buildings and other permanent improvements upon the landlord's property. Tenants thereafter contracted with a third party to provide lumber for the construction of the improvements. When tenants became insolvent and therefore defaulted under the contract, the third party filed a claim for a mechanic's lien against the landlord's reversionary fee interest in the property.

In upholding a lien in favor of the third party, the Illinois Supreme Court noted, in passing, that "[i]t cannot be seriously

---

[3]The only case in Illinois which even remotely involves a tenant claiming a mechanic's lien for his own repairs and improvements upon lessor's property is *Republic National Life Insurance Co. v. Hedstrom* (1952), 346 Ill. App. 555, 105 N.E.2d 782, wherein the court held that a Federal income tax lien takes priority over a (tenant's) mechanic's lien.

claimed that under the agreement the lessees contracted with [lessor] to furnish materials or perform any of the labor or services named in the foregoing section of the statute[, *i.e.*, Mechanics Lien Act], by the doing of which they would, by that section, be known as 'a contractor.' " (*Carey-Lombard*, 187 Ill. at 208.) The supreme court later iterated that no one could "contend that [lessees], under their contract with [lessor], could have enforced a lien against the leased property for any improvements placed upon it by them under this agreement." *Carey-Lombard*, 187 Ill. at 208-09.

These comments by the supreme court, however, derive their efficacy not from the fact that the tenants were precluded from the scope of the Act by virtue of their tenancy, but from the fact that the tenants did not themselves provide any labor or services for the benefit of the property. Indeed, contrary to plaintiff in the instant case, the tenants in *Carey-Lombard* never sought a mechanic's lien as they themselves did not provide the requisite labor or services for purposes of the Act.

Likewise, in *Boyer*, lessors and lessee entered into a joint enterprise for the improvement of certain real property. At issue there was whether a third party who provided labor and services at the behest of only the lessee was entitled to a mechanic's lien against lessor's reversionary interest. The supreme court held that he was, finding that the third party satisfied the requirements of section 1 of the Mechanics Lien Act. *Boyer*, 258 Ill. at 114.

Again, in contrast to the facts of the instant case, the lessee in *Boyer* furnished neither labor nor materials, nor did he seek to enforce a mechanic's lien. For these reasons, we find that *Carey-Lombard* and *Boyer* provide little guidance in resolving the issue at hand.

We further reject defendants' contention that a provision in the lease prohibiting the placement of any mechanic's lien against the property precludes such a lien in this case. Paragraph 4 of the parties' lease provides in pertinent part:

"4. Lessee will not permit any mechanic's lien or liens to be placed upon the Premises or any building or improvement thereon during the term thereof, and in case of the filing of such lien Lessee will promptly pay same. If default in payment thereof shall continue for thirty (30) days after written notice thereof from lessor to the Lessee, the Lessor shall have the right and privilege at Lessor's option of paying the same or any portion thereof without inquiry as to the validity thereof, and any amounts so paid, including expenses and interest, shall be so much additional indebtedness hereunder due from Lessee to Lessor and shall be repaid to Lessor immediately upon rendition of bill thereof."

We initially observe that this paragraph reflects the parties' intentions with respect to the perfection of liens by third parties. The provision itself merely sets forth the lessor's remedies in the event that the lessee permits a third party to place a lien against the lessor's interest in the property without the lessor's knowledge or consent. It is not directed to situations where the tenant provides labor and materials at the request of the landlord pursuant to a contract independent of the lease.

In any event, plaintiff has alleged, and we must presently accept as true, that defendants requested plaintiff to repair and improve the subject premises. This being the case, there is at a minimum a question of fact over whether defendants have waived their rights under paragraph 4 of the lease. Defendants simply cannot contract with plaintiff to improve the premises, and then, having secured some benefit, invoke the terms of the anti-lien provision.

Accordingly, we hold that plaintiff has alleged sufficient facts to entitle it to seek enforcement of a mechanic's lien.

■ Finally, in connection with count II, we recognize that an equitable lien is the right to have property subjected to the payment of a claim. (*Calacurcio v. Levson* (1966), 68 Ill. App. 2d 260, 263, 215 N.E.2d 839.) The essential elements of an equitable lien are a debt, duty, or obligation owing by one person to another and a *res* to which that obligation fastens. (*Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924, 931, 464 N.E.2d 1226.) "Equitable liens have been imposed where contracts manifested the intent that particular property or funds be security for debts wherever there has been a promise to convey or assign the property as security." *Uptown National Bank v. Stramer* (1991), 218 Ill. App. 3d 905, 907-08, 578 N.E.2d 1165.

However, we also recognize that if a contract expressly covers the entire subject matter and does not provide for a lien, a lien will not be created by implication. (*Pruitt Office Machines, Inc. v. Liberty National Bank* (1950), 341 Ill. App. 146, 149, 93 N.E.2d 104.) Moreover, a party may not seek imposition of an equitable lien where the parties to a contract did not intend that the property would serve as security for payment or reimbursement. *Oppenheimer v. Szulerecki* (1921), 297 Ill. 81, 87, 130 N.E.2d 325.

In the instant case, plaintiff has failed to allege any facts disclosing an intention on the part of either party to permit the property to stand as security for the satisfaction of defendants' obligations. In addition, in light of our recognition of plaintiff's right to seek enforcement of a mechanic's lien, plaintiff has an adequate remedy at law.

Consequently, we find that the circuit court properly dismissed count II of the complaint.

Affirmed in part; reversed in part and remanded for further proceedings.

McNULTY, J., concurs.

JUSTICE COUSINS, concurring in part and dissenting in part:

I concur with the part of the majority opinion holding that the equitable lien claim set forth in appellant's complaint was properly dismissed by the trial court. (See *Pruitt Office Machines, Inc. v. Liberty National Bank* (1950), 341 Ill. App. 146, 149, 93 N.E.2d 104; *Oppenheimer v. Szulerecki* (1921), 297 Ill. 81, 87, 130 N.E. 325.) However, in my opinion the majority errs in holding that the trial court erred in dismissing the mechanic's lien claim set forth in count I of appellant's complaint. As the appellant, Leveyfilm, Inc., sets forth in its complaint, this case arises out of a leasehold interest held by Leveyfilm in a portion of the premises in question. The defendant was at all relevant times the owner and lessor of the subject property. In paragraph 11 of count I, Leveyfilm alleges that "Lessor *** at various times specifically requested that *** lessee contribute to provide services, labor and expenditures in connection with the lessor's and beneficial owner's efforts to maintain and improve the real estate." Leveyfilm also alleges in paragraph 12 of count I that "[t]here existed *** a contract or contracts partly expressed and partly implied, with respect to the repair and improvement by Leveyfilm of the real estate."

The salient issue in the instant appeal is whether a lessee who performs work in leased premises may assert a lien as a "contractor" under the Illinois Mechanics Lien Act (Act). (770 ILCS 60/1 (West 1992).) The majority's expression is that "[t]he precise issue in the present case is whether an owner may authorize a tenant to perform repairs and improvements himself, and then claim that the Act does not apply merely because the tenant directly provided the labor and services rather than contract with a third party." (274 Ill. App. 3d at 353.) The majority then opines "[a]s a matter of first impression, we hold that he may not." (274 Ill. App. 3d at 353.) I believe that the majority's impression is mistaken.

Recognizing the lack of authority for its impression, the majority writes:

> "The only case in Illinois which even remotely involves a tenant claiming a mechanic's lien for his own repairs and improvements upon lessor's property is *Republic National Life Insurance Co. v. Hedstrom* [citation] ***." (274 Ill. App. 3d at 353 n.3.)

Actually, there are absolutely no precedents to support the majority's impression in the instant case. The majority's statement that "any person who makes an improvement to land under a contract with the owner can claim a mechanic's lien" (274 Ill. App. 3d at 352) has limitations. Although the Act begins with the words "any person," lessees are clearly excluded because of the extensive specification of the kinds of work, service, and occupations (including architects and mechanics) and the designation of the persons specified as contractors. The maxim *expressio unius est exclusio alterius* provides guidance for interpreting the Act in the instant case. Under this rule, when an act lists things to which it refers, the court may infer that any omissions were intended as exclusions, even if there are no negative words prohibiting it. See *Villegas v. Board of Fire & Police Commissioners* (1994), 266 Ill. App. 3d 202, 211, 639 N.E.2d 966; *La Salle National Bank v. Triumvera Homeowners Association* (1982), 109 Ill. App. 3d 654, 670, 440 N.E.2d 1073.

I disagree with the majority's view that the landmark cases of *Carey-Lombard Co. v. Jones* (1900), 187 Ill. 203, 58 N.E. 347, and *Boyer v. Keller* (1913), 258 Ill. 106, 101 N.E. 237, are inapposite. In *Carey-Lombard*, the Illinois Supreme Court indicated that a tenant who performs repairs or other work with respect to leased premises is not the type of person intended to be protected by the Mechanics Lien Act and has no right to assert a lien under the Act. The Illinois Supreme Court wrote:

> "It cannot be seriously claimed that under the [lease] agreement the lessees contracted with [the lessor] to furnish materials or perform any of the labor or services named in the foregoing section of the [mechanics lien] statute, by the doing of which they would, by that section, be known as 'a contractor.' [(Emphasis omitted.)] The statute is, as its title indicates, for the security of mechanics and those who furnish material for buildings, etc., therein named. *Agreements made under its provisions are known in the law as building contracts, sometimes termed 'working contracts.'* ***
>
> *** [W]e assume that no one would contend that [the lessees], under their contract with the [lessor], could have enforced a lien against the leased property for any improvements placed upon it by them under this agreement." (Emphasis added.) (*Carey-Lombard*, 187 Ill. at 208-09.)

Also, in *Boyer*, the court wrote:

> "[I]t is insisted that the lessee, Keller, occupies the position of original or principal contractor, and that as these lien claimants were all subcontractors, they are bound by the terms of the contract between the principal contractor, Keller, and the owners ***. This same contention was made in *Carey-Lombard Lumber*

*Co. v. Jones* [(1900)], 187 Ill. 203, where a similar contract was before us for consideration and was decided adversely to the contention of appellees." *Boyer*, 258 Ill. at 113.

Finally, the majority writes that "[i]t is clear that the Illinois legislature has chosen to write the Act broadly so as to include 'any person' who satisfies the requirements of a lien." (274 Ill. App. 3d at 352.) However, the clear intent of the Act is to protect mechanics and other persons who are contractors for improvements made to the property of others. A lessee with knowledge of the owner may contract with contractors who may have lien rights. However, a lessee has an interest in the land and is not a contractor under the Act. (*Carey-Lombard*, 187 Ill. at 208.) Thus, a lessee is not the subject of the operation of the Mechanics Lien Act.

A fundamental rule of statutory construction is that statutes in derogation of the common law are strictly construed in favor of the persons sought to be subject to their operation, and courts will read nothing into such statutes by intendment or implication. (See *O'Neill v. Brown* (1993), 242 Ill. App. 3d 334, 339, 609 N.E.2d 835.) The Mechanics Lien Act is in derogation of the common law and should be strictly rather than broadly construed. (*Delaney v. Schiessle* (1992), 235 Ill. App. 3d 258, 265, 601 N.E.2d 978.) Accordingly, the trial court did not err in dismissing the mechanic's lien claim in the instant case.