**E. J. Ohrenstein and Edward G. Hild, trading as E. J. Ohrenstein & Hild, Appellees, v. Martin A. Howell, Appellant.**

### Gen. No. 27,757.

1. MECHANICS' LIENS—*right of architects to lien.*   Architects who were employed to prepare plans and specifications for a building to be constructed on a lot not then owned by defendant and the title to which he did not acquire until the plans and specifications had been prepared, have no lien under Cahill's Ill. St. ch. 82, ¶ 1, allowing a lien to any person who shall contract with the owner of a lot for the improvement thereof and expressly including services of an architect, where the evidence shows that the services rendered by such architects were not for the improvement of the lot but merely to enable the owner to determine the character of improvement that the lot was capable of sustaining and that after defendant bought the lot he employed other architects who prepared plans and supervised construction of the building without any reference to the plans prepared by plaintiffs.

2. MECHANICS' LIENS—*sufficiency of contract to support lien.*   A contract under which architects were employed to prepare plans and specifications for a building suitable to be constructed on a lot, the purchase of which was then contemplated and afterwards consummated, by defendant, cannot be the basis for a mechanic's

lien in favor of such architects against a building afterwards constructed on such lot in conformity with plans prepared by another architect, where the contract with plaintiff provided no time within which the work was to be done or materials furnished or payments made in connection with the proposed building and furnished no basis for determining the cost of a building.

Appeal by defendant from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Reversed and remanded with directions. Opinion filed December 5, 1922.

EDWARD G. BERGLUND, for appellant.

WINSTON & LOWY, for appellees; LAMBERT & MAYER, of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Cook county entered February 6, 1922, finding that there is due complainants, who are appellees here, $425 for architect's services rendered by them to defendant and costs amounting to $366.05 and awarding to complainants a mechanic's lien upon certain real estate therein described.

The amended bill of complaint alleged, in substance, that complainants are architects practicing their profession in Chicago; that on or about October 1, 1919, defendant requested them to prepare for him certain sketches and drawings for the purpose of building an apartment hotel in said city and that complainants agreed to prepare said sketches and drawings and also plans and specifications of said building and to supervise the construction of the same, for which defendant agreed to pay them an amount equal to five per cent of the cost of said building; that complainants prepared a set of sketches and drawings for a building to be erected upon a lot of which defendant was not the owner and submitted the same to defendant, on or

about November 1, 1919, who accepted the same and took possession thereof, but that defendant thereafter refused to proceed with the building or to permit complainants to finish the work for which he had contracted; that the services rendered to defendant in connection with the preparation of said sketches were reasonably worth $1,000, which sum became and was due by reason of the refusal of said defendant to permit complainants to complete their work and by virtue of the terms of said verbal agreement.

The amended bill further alleged that defendant afterwards acquired title to the lot and engaged other architects in connection with its improvement and was then constructing said building, using the drawings and specifications submitted by complainants; that all statutory notices had been given but that defendant refused to pay them the said sum of $1,000, by reason whereof complainants became entitled to a mechanic's lien upon said premises. The bill prayed for an accounting and that complainants be decreed to be entitled to a lien upon the premises in question for the amount due them for services as aforesaid. An answer was filed by defendant denying the allegations of the bill.

The case was referred to a master in chancery, who found by his report the facts alleged as to the professional occupation of complainants and that they had prepared sketches for the building in question, as alleged; that sundry conversations regarding the sketches had taken place between the parties; and that the sketches had been delivered to defendant in the latter part of November, 1919. The master reviewed the evidence as to the value of the services of complainants in preparing the sketches and found, in substance, that complainants had expended approximately seventeen days in their preparation and that the reasonable and customary compensation of architects doing such work is $25 per day, making the total

amount due from defendant to complainants for the services in question $425.

The master further found that at the time of the conversations between the parties as to the preparation of the sketches, defendant did not have title to the real estate but that he subsequently acquired title and proceeded with the erection of a building upon the premises in question under the supervision of another architect. There was some attempt to show that the sketches prepared by complainants were substantially the same as those upon which the final plans and specifications prepared by the second architect were based, but this contention does not appear to be sustained by the evidence. In fact, it appears affirmatively from the record that the second architect never saw the sketches prepared by complainants until after the completion of his plans and specifications for the building.

Appellant contends that appellees are not entitled to a mechanic's lien upon the property in question for any amount which may be due to them for services rendered and that such a claim cannot be sustained by virtue of any contractual relations existing between the parties, for the reason that the lien, if any, arose at the time of making the alleged contract, when defendant was not the owner of the premises in question, and for the further reason that the services were not rendered under a contract for the improvement of the land. A large portion of the briefs of both parties is devoted to a discussion of the reasonable and fair value of the sketches prepared by appellees. It is unnecessary to discuss this feature of the case. The question before us for determination is whether or not appellees are entitled to a lien upon the premises in question as decreed by the court. Unless the existence of the lien is established, the value of the services rendered is immaterial. *Novak v. Kruse*, 211 Ill. App. 274.

The present lien act allows a lien to any person who shall contract with the owner of a lot "for the improvement of, or to improve the same" and shall furnish material and labor for any such purpose and expressly includes the services of an architect. Cahill's Ill. St. ch. 82, ¶ 1. Counsel for appellees disclaim any right to a recovery under any custom prevailing among architects or under any express contract between the parties. Appellees therefore base their claim wholly under the section of the statute above mentioned and claim a lien to the extent of the value of their services. In order to sustain the claim, they must show that their services were rendered to the owner of the lot in question for the purpose of improving the lot.

We have carefully reviewed the evidence in the case and find that the services rendered by appellees were not for the improvement of the lot, but were merely for the purpose of furnishing defendant with information tending to show the possibilities of such an improvement. The sketches prepared by appellees were not used by appellant in the improvement of the lot and no use was made of them by appellant except in so far as they enabled him to determine the character of the improvement that the lot was capable of sustaining. The claim of appellees does not come within the terms of the statute.

The fact that appellees may be entitled to recover in an action at law for their services in preparing the sketches does not entitle them to a mechanic's lien upon the premises in question. The alleged contract between the parties did not relate to any plans or specifications for the erection of a building and did not furnish any basis for determining the cost of the same, thereby showing that it was not the intention of the parties that they were to be used in the improvement of the lot, unless made the basis for the final plans and specifications of the proposed structure. The lien given by the statute to one furnishing mate-

rial or labor attaches from the date of the contract. *Boyer v. Keller,* 258 Ill. 106. It is given by statute, which must be strictly construed. *Turnes v. Brenckle,* 249 Ill. 394. The alleged contract upon which appellees rely did not provide any time within which the work was to be done or materials furnished in connection with the proposed building or any time within which payment was to be made. It was not a contract between the lien claimant and the owner of the property or an agent of the owner. For these reasons it is incapable of supporting a lien. *Henry v. Applegate,* 111 Ill. App. 13; *Freeman v. Rinaker,* 185 Ill. 172; *Pugh Co. v. Wallace,* 198 Ill. 422. While it is true that a lien may arise, based upon the services of an architect, yet such a lien cannot be sustained unless it appears that there has been a strict compliance with the terms of the statute. *Turnes v. Brenckle, supra; Cronin v. Tatge,* 281 Ill. 336. We are of the opinion that under the evidence in this case, appellees are not entitled to a mechanic's lien for the services above indicated.

Therefore the decree of the circuit court is reversed and the case remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*

BARNES, P. J., and GRIDLEY, J., concur.