L.J. KEEFE COMPANY, INC., Plaintiff-Appellant, v. CHICAGO AND NORTHWESTERN TRANSPORTATION COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—95—3546

Opinion filed March 12, 1997.

Mark J. Rose, of Law Offices of Mark J. Rose, of Chicago (John Thomas Moran, Jr., of counsel), for appellant.

Thomas M. Craig, of Kamenear, Kadison & Anderson, of Chicago, for appellees.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, L.J. Keefe Co., Inc. (Keefe), brought an action against Chicago and Northwestern Transportation Company (C&NW) and Commonwealth Edison Company (Commonwealth Edison) alleging a mechanics' lien against the real property of defendant Chicago and Northwestern Railway Company located at Illinois Route 14 and Rohlwing Road, Palatine, Illinois. Defendants denied that plaintiff was entitled to claim a mechanics' lien. Both plaintiff and defendants filed cross-motions for summary judgment. The trial court granted defendants' motion and plaintiff appealed.

BACKGROUND

C&NW is the owner of the railway tracks and of the real estate underlying the tracks at Illinois Route 14 (Northwest Highway) and Rohlwing Road in Palatine. On or about January 14, 1960, C&NW and Commonwealth Edison entered into a certain master license with C&NW as licensor and Commonwealth Edison as licensee. The agreement provided, in pertinent part, that Commonwealth Edison was "licensed to construct, install and maintain and use poles, wires, cables, conduits or other transmission facilities together with necessary appurtenances for the sole purpose of transmitting electric current along and across the right of way and the property of the Railway Company [C&NW]."

In 1990, pursuant to the master license, Commonwealth Edison was licensed to install 100 feet of 24-inch steel casing containing six 5-inch plastic ducts and a 12KV circuit crossing under the railroad's tracks and right-of-way.

Commonwealth Edison retained Guerra Construction Company (Guerra) to perform various work in order to complete the installation work at the project. Guerra, in turn, retained plaintiff to perform various tunnelling work such as the installation of steel casing and pipe grouting. Plaintiff completed its portion of the work at the project on August 31, 1991.

Plaintiff contended that the value of the work that it furnished at the project was $105,044 and that this price was agreed to by Guerra. Plaintiff further contended that it has only received payment in the amount of $46,580.86, leaving an outstanding balance of $58,643.14 due. Consequently, plaintiff filed suit seeking damages in the amount of $60,408.50.

On November 27, 1991, plaintiff served a subcontractor's notice of claim for lien upon C&NW and Commonwealth Edison. On December 26, 1991, plaintiff filed its subcontractor's notice and claim for lien with the Cook County recorder of deeds. Both parties thereafter moved for summary judgment.

On September 13, 1995, the trial court granted defendants' motion for summary judgment. No court reporter was present at the hearing and the court declined to make specific findings of fact. However, according to the parties' joint bystander report, the only basis for the court's decision was that Keefe had not satisfied the requirements of section 1 of the Illinois Mechanics Lien Act (70 ILCS 60/1 (West 1992)).

We affirm.

ANALYSIS

■ Section 1 of the Illinois Mechanics Lien Act provides in pertinent part:

"Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land or to manage a structure thereon *** is known under this Act as a contractor, and has a lien upon the whole of such lot or tract of land ***." 770 ILCS 60/1 (West 1992).

■ The purpose of the Mechanics Lien Act is to permit a lien upon premises where a benefit has been received by the owner and where the value or condition of the property has been increased or improved by the furnishing of labor and materials. *First Federal Savings & Loan Ass'n v. Connelly*, 97 Ill. 2d 242, 246, 454 N.E.2d 314 (1983); see also *D.M. Foley Co. v. North West Federal Savings & Loan Ass'n*, 122 Ill. App. 3d 411, 415, 461 N.E.2d 500 (1984); *Colp v. First Baptist Church*, 341 Ill. 73, 76-77, 173 N.E. 67 (1930).

Plaintiff argues that it is entitled to the lien because C&NW knowingly permitted plaintiff's work upon its land by knowingly permitting Guerra to contract for the improvement of property. Defendants, on the other hand, contend that plaintiff does not satisfy the requirements of section 1 of the Act because C&NW had no

contract with Commonwealth Edison to improve a lot or tract of land or to manage a structure thereon. We agree.

The issue in this case is whether a valid mechanics' lien arises on a landowner's property when a subcontractor constructs or installs apparatus for a contractor's sole benefit under a license between the contractor and the owner. As a matter of first impression, we hold it does not.

Plaintiff argues that it is entitled to a mechanics' lien under section 1 of the Act because C&NW knew that plaintiff's work was underway and failed to protest the work. Plaintiff argues that "it is of absolutely no consequence whether this work was for the sole use and benefit of Commonwealth Edison." Plaintiff's assertion is completely incorrect and bypasses the basic premise of the Act. As stated before, the underlying theory of the Mechanics Lien Act is that landowners should pay for beneficial improvements to their land that they encourage or induce. *Rasmussen v. Harper*, 287 Ill. App. 404, 410, 5 N.E.2d 257, 260 (1936); *Leveyfilm, Inc. v. Cosmopolitan Bank & Trust*, 274 Ill. App. 3d 348, 352, 653 N.E.2d 875 (1995).

■ In this case, it is quite evident that there was no contract to improve a lot or tract of land. Rather, Commonwealth Edison was granted a license to construct apparatus for its own benefit, not for the benefit of C&NW. In deposition testimony, Robert Seritella, the liability representative for Commonwealth Edison, testified that no contract existed between the parties relative to improvement of C&NW's land. The installation of the 12KV circuit was for the exclusive use and benefit of Commonwealth Edison and was for the sole purpose of improving the voltage and service continuity. Seritella further testified that the installation of the circuit did not enhance or increase the value of C&NW's property. Commonwealth Edison paid a one-time fee of $2,500 in connection with the license for permission to construct and maintain electric power under C&NW's property.

In its brief, plaintiff argues, in the alternative, that C&NW benefitted from annual rent derived from the master license and from the efficient transmission of electric current for power and communications. However, in our view, such "benefits" are too attenuated to fall within the purview of the Act. In determining whether the furnishing of materials in the construction of land constitutes an improvement, the relevant inquiry is whether the work performed has enhanced the value of the land to be charged with the lien. *Watson v. Watson*, 218 Ill. App. 3d 397, 399, 578 N.E.2d 275 (1991); *D.M. Foley Co. v. North West Federal Savings & Loan Ass'n*, 122 Ill. App. 3d at 415. We find no indication in the record that plaintiff's work enhanced the value of C&NW's land. Therefore, no lien could properly attach.

Accordingly, since there is no genuine issue of material fact relative to whether there was a contract to improve the real estate at issue, we therefore hold that the trial court properly granted summary judgment to the defendants on this issue.

Affirmed.

GORDON and LEAVITT, JJ., concur.