NOTICE

Decision filed 05/11/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0339

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MOSTARDI-PLATT ASSOCIATES, INC., d/b/a Mostardi Platt Environmental, | ) ) ) | Appeal from the Circuit Court of Jefferson County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 08-CH-26 |
| LEONARD CZERNIEJEWSKI, BARBARA CZERNIEJEWSKI, A. DALE ANDERSON & ASSOCIATES, INC., d/b/a ADA Resources, POWER HOLDINGS OF ILLINOIS, LLC, and Unknown Owners and Nonrecord Claimants, | ) ) ) ) ) ) | Honorable Robert W. Lewis, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

The plaintiff, Mostardi-Platt Associates, Inc., doing business as Mostardi-Platt Environmental, appeals from a judgment of the circuit court of Jefferson County that dismissed with prejudice its first amended complaint to foreclose on a mechanic's lien it had filed against the defendants, Leonard Czerniejewski, Barbara Czerniejewski, A. Dale Anderson & Associates, Inc., doing business as ADA Resources, Power Holdings of Illinois, LLC, and unknown owners and nonrecord claimants. The circuit court concluded that the services rendered by the plaintiff were not the sort for which a lien could be filed and enforced under the Mechanics Lien Act (the Act) (770 ILCS 60/0.01 *et seq.* (West 2006)). For reasons that follow, we affirm.

The plaintiff's first amended complaint, filed August 5, 2008, alleges that Leonard and Barbara Czerniejewski were the record owners of 157 acres of real property located in Jefferson County. On or about March 21, 2007, the Czerniejewskis entered into an

1

agreement with A. Dale Anderson & Associates, Inc., doing business as ADA Resources (ADAR), whereby ADAR was granted a 24-month option to purchase the real estate. The agreement further provided that ADAR could assign its rights to any party it selected and that ADAR or its agents could enter upon the property "to conduct such feasibility studies as may be reasonably necessary to enable [p]urchaser to make an election with respect to its exercise of the option."

ADAR had represented that Power Holdings of Illinois, LLC (Power Holdings), would be acquiring the property to construct a coal gasification plant thereon. The complaint alleges that ADAR did assign its option to Power Holdings. Power Holdings then entered into a contract with the plaintiff for the plaintiff to provide "air quality construction permitting and dispersion modeling services." The plaintiff was to focus its permitting application process and efforts on securing construction permit approval for the property. The complaint alleges that the plaintiff completed this work and that all of its work was "necessary for the improvement of the premises as a coal gasification facility."

The complaint further alleges that the plaintiff recorded its mechanic's lien in the office of the Jefferson County recorder and made demand upon Power Holdings to pay the amount due as set forth in that lien claim but that Power Holdings has refused and failed to pay the full amount due. The plaintiff prays for a judgment of foreclosure and that the property be sold to satisfy the lien claim.

On September 3, 2008, the defendants filed a motion to dismiss the first amended complaint pursuant to section 2-619 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-619 (West 2006)), arguing that the services provided by the plaintiff are not lienable under the Act. The motion alleges that ADAR entered into the agreement with the Czerniejewskis as an agent for Power Holdings, which intended to purchase the property and construct a coal gasification facility thereon if the necessary permits could be obtained. The

2

motion alleges that the option to purchase had not been exercised or assigned, and the property still belonged to the Czerniejewskis.

The motion alleges that the services to be provided by the plaintiff were environmental consulting services to aid Power Holdings in determining if the land would meet the requirements of the Illinois Environmental Protection Agency for a coal gasification facility and that none of the services provided by the plaintiff benefited the land directly or indirectly. According to the motion, the land was and still is used as a farm and is in substantially the same condition as it was before the services provided by the plaintiff. The defendants' motion argues that the plaintiff did not provide any design or construction work and that, accordingly, the services provided by the plaintiff are not lienable under the Act.

The motion to dismiss is supported by the affidavit of Dale Anderson, stating that ADAR had been hired by Power Holdings to act as its agent in securing option agreements and that ADAR was acting in that capacity at the time it entered into the option agreement with the Czerniejewskis. That agreement provided that ADAR or its agents could enter upon the property only to conduct such feasibility studies as were reasonably necessary to enable it to make an election with respect to the exercise of its purchase option. The affidavit states that ADAR's option had not been assigned or exercised.

The motion to dismiss is also supported by the affidavit of Stephen B. Shaw, chief financial officer of Power Holdings, which states that Power Holdings intends to purchase the property to construct a coal gasification facility thereon if the necessary permits are obtained and the plant's feasibility is demonstrated. It further states that the services to be provided by the plaintiff were environmental consulting services to aid Power Holdings in determining if the land would meet the requirements of the Illinois Environmental Protection Agency for a coal gasification facility. According to Shaw's affidavit, the plaintiff was not

3

hired to, and did not, provide any services of design or construction work.

The motion to dismiss is further supported by the affidavit of Leonard Czerniejewski, which states that the land has been and still is used as a farm and that it is in substantially the same condition as it was before the services provided by the plaintiff. Finally, the motion is supported by the transcript of the hearing on the motion to dismiss the plaintiff's original complaint. The circuit court granted that motion, stating on the record as follows:

"[T]he court believes that what was granted was the right to Anderson for the purpose of doing a feasibility study, and based on the cases that [t]he [c]ourt has read, that is akin to a [F]irst [D]istrict case [(*Ohrenstein v. Howell*, 227 Ill. App. 215 (1922))] where an architect has said if we buy this, what different kinds of buildings could be put on it, and he drafted up some rough ideas of several different types of things that could be done with the land.

The [F]irst [D]istrict found that was not lienable under the Mechanic's Lien Act. Here, we have that they were commissioned to do a feasibility study, and [t]he [c]ourt believes on cases, as I understand the act, that that is not lienable under the Mechanic's Lien Act."

On June 24, 2009, the circuit court of Jefferson County entered a final order dismissing with prejudice the plaintiff's first amended complaint for the same reasons as those stated for the dismissal of its original complaint. The circuit court made a factual finding that the services performed by the plaintiff were similar to a feasibility study and that as a matter of law they were not subject to lien under the Act. The plaintiff appeals.

We review *de novo* the dismissal of a complaint pursuant to section 2-619 of the Code. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). Our review requires that we take all well-pleaded facts in the amended complaint as true and draw all inferences from those facts which are favorable to the plaintiff. *Hester v. Gilster-Mary Lee*

4

*Corp.*, 386 Ill. App. 3d 1104, 1107 (2008). We must interpret all the pleadings and supporting documents in the light most favorable to the plaintiff. *Porter*, 227 Ill. 2d at 352. Additionally, we consider whether there is a genuine issue of material fact that precludes a dismissal or, absent a question of fact, whether the dismissal is proper as a matter of law. *Hester*, 386 Ill. App. 3d at 1107.

Section 1(a) of the Mechanics Lien Act provides in pertinent part as follows:

"Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom the owner has authorized or knowingly permitted to contract, to improve the lot or tract of land or for the purpose of improving the tract of land, or to manage a structure under construction thereon[] is known under this Act as a contractor and has a lien upon the whole of such lot or tract of land *** for the amount due to him or her for the material, fixtures, apparatus, machinery, services[,] or labor ***." 770 ILCS 60/1(a) (West 2006)

The object and purpose of the Act is to protect those who, in good faith, furnish material or labor for the improvement of real property. *Weather-Tite, Inc. v. University of St. Francis*, 383 Ill. App. 3d 304, 307 (2008), *aff'd*, 233 Ill. 2d 385 (2009). In order to achieve this purpose, the Act permits a lien upon property where a benefit has been received by the owner and where the value or condition of the property has been increased or improved by reason of the furnishing of the labor or materials. *L.J. Keefe Co. v. Chicago & Northwestern Transportation Co.*, 287 Ill. App. 3d 119, 121 (1997). The theory underlying the Act is that the owner is benefited by the improvements and should pay for the benefit when that benefit has been induced or encouraged by his act. *L.J. Keefe Co.*, 287 Ill. App. 3d at 122. The Act attempts to balance the rights and duties of owners, contractors, subcontractors, and material providers. *Weather-Tite, Inc.*, 383 Ill. App. 3d at 307. The burden of proving that each

5

requisite of the Act has been satisfied is on the party seeking to enforce the lien. *Watson v. Watson*, 218 Ill. App. 3d 397, 400 (1991).

In *Ohrenstein v. Howell*, 227 Ill. App. 215 (1922), an architect was retained to prepare plans for the construction of a building that the defendant, not yet the owner of the lot, desired for the purpose of determining whether to purchase the lot and proceed with construction. The defendant subsequently purchased the lot and proceeded with construction, using a different architect. The original architect attempted to enforce a mechanic's lien against the lot for the value of his services. The court rejected the architect's claim, holding that the contract was entered into before the defendant owned the land and that the services were not rendered under a contract for the improvement of land. *Ohrenstein*, 227 Ill. App. at 219. The court held that, in order to sustain his claim, the architect must show that his services were rendered to the owner of the lot for the purpose of improving the lot. *Ohrenstein*, 227 Ill. App. at 219. The court held as follows:

"[T]he services rendered by [the architect] were not for the improvement of the lot[] but were merely for the purpose of furnishing defendant with information tending to show the possibilities of such an improvement. ***

*** The alleged contract between the parties did not relate to any plans or specifications for the erection of a building and did not furnish any basis for determining the cost of the same, thereby showing that it was not the intention of the parties that they were to be used in the improvement of the lot, unless made the basis for the final plans and specifications of the proposed structure." *Ohrenstein*, 227 Ill. App. at 219.

Furthermore, the court found that the contract was not between the lien claimant and the owner of the property or an agent of the owner. Accordingly, the architect's claim did not come within the terms of the Act.

Relying on *Ohrenstein*, the circuit court in the case at bar found that the plaintiff did not provide services for the improvement of the land under a contract with the landowner or the owner's agent. The court found that the services of the plaintiff amounted to a feasibility study and did not result in any improvement to the land or in any benefit to the landowner. We agree.

The contract between the plaintiff and Power Holdings was not one for the improvement of the land, nor was it a contract between the plaintiff and the "owner" within the meaning of the Act. The contract between the Czerniejewskis and ADAR allowed ADAR or its agents or assigns to conduct only feasibility studies with respect to the land. It did not authorize ADAR or its agents or assigns to make any improvements to the land. Finally, the services provided by the plaintiff resulted in no improvement to the land or in any benefit to the landowner. Instead, those services benefited only Power Holdings.

In *L.J. Keefe Co. v. Chicago & Northwestern Transportation Co.*, 287 Ill. App. 3d 119 (1997), the owner of the land underlying railway tracks granted a license to Commonwealth Edison Company to install power lines on its land. The plaintiff was retained to perform tunneling work to allow the installation of steel casing and pipe grouting for Commonwealth Edison Company and attempted to enforce a lien against the owner of the land underlying the railway tracks. The court held that no lien was enforceable against the owner of the land when a subcontractor constructs or installs apparatus for a contractor's sole benefit and the work does not improve the land or benefit the landowner. *L.J. Keefe Co.*, 287 Ill. App. 3d at 122. The court held that there was no contract to improve the land. *L.J. Keefe Co.*, 287 Ill. App. 3d at 122. Rather, Commonwealth Edison Company had been granted a license to construct an apparatus for its own benefit, not for the benefit of the landowner. *L.J. Keefe Co.*, 287 Ill. App. 3d at 122. The subcontractor's work was performed solely for the benefit of Commonwealth Edison Company and did not benefit the

7

land or the landowner in any way.  *L.J. Keefe Co.*, 287 Ill. App. 3d at 122.

Similarly, in the case at bar, the services provided by the plaintiff were for the sole benefit of Power Holdings and did not benefit the land or the landowner in any way.  There was no contract between the plaintiff and the landowner for the improvement of the land.

The plaintiff argues at length that the services it provided are lienable because they are "necessary" for the construction of a coal gasification facility on the property.  However, the proper focus in determining the validity of a mechanic's lien is whether the work actually enhanced the value of the land.  *Cleveland Wrecking Co. v. Central National Bank in Chicago*, 216 Ill. App. 3d 279, 285 (1991).  It remains true that at the time the plaintiff entered into the contract with Power Holdings and at the time it rendered the services for which it now seeks to enforce its lien, Power Holdings was not the owner of the land and the services rendered did not increase the value of the land or benefit the landowners in any way.  It also remains true that the services rendered by the plaintiff were not for the purpose of improving the land but were for the purpose of determining whether Power Holdings should exercise its option to purchase the land and thereafter build a coal gasification facility thereon.  These are not the type of services for which a lien may be filed and enforced under the Act.

For the foregoing reasons, the judgment of the circuit court dismissing with prejudice the plaintiff's first amended complaint to enforce a mechanic's lien is hereby affirmed.  Upon the prayer of the appellees and pursuant to the powers granted us by Supreme Court Rule 366(a) (155 Ill. 2d R. 366(a)), we hereby remand this cause to the circuit court of Jefferson County with directions that it remove the mechanic's lien that is the subject of this lawsuit.


Affirmed; cause remanded with directions.

8

GOLDENHERSH, P.J., and CHAPMAN, J., concur.

NO. 5-09-0339

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>MOSTARDI-PLATT ASSOCIATES, INC.,<br>d/b/a Mostardi Platt Environmental,</td><td>)<br>)<br>)</td><td>Appeal from the<br>Circuit Court of<br>Jefferson County.</td></tr>
<tr><td>Plaintiff-Appellant,</td><td>)<br>)</td><td></td></tr>
<tr><td>v.</td><td>)<br>)</td><td>No. 08-CH-26</td></tr>
<tr><td>LEONARD CZERNIEJEWSKI, BARBARA<br>CZERNIEJEWSKI, A. DALE ANDERSON &<br>ASSOCIATES, INC., d/b/a ADA Resources,<br>POWER HOLDINGS OF ILLINOIS, LLC, and<br>Unknown Owners and Nonrecord Claimants,</td><td>)<br>)<br>)<br>)<br>)</td><td><br><br><br><br>Honorable</td></tr>
<tr><td>Defendants-Appellees.</td><td>)<br>)</td><td>Robert W. Lewis,<br>Judge, presiding.</td></tr>
</table>

**Opinion Filed**:     May 11, 2010

**Justices**:     Honorable Thomas M. Welch, J.

Honorable Richard P. Goldenhersh, P.J., and
Honorable Melissa A. Chapman, J.,
Concur

**Attorneys
for
Appellant**     Jeffrey G. Howard, Howard, Leggans, Piercy & Howard, LLP, 1008 Main Street,
P.O. Box 1810, Mt. Vernon, IL 62864; E. Paul Lanphier, Lanphier & Kowalkowski,
Ltd., 568 Spring Road, Suite B, Elmhurst, IL 60126-3896

**Attorneys
for
Appellees**     Terry Sharp, David J. Grindle, The Sharp Law Firm, P.C., 1115 Harrison, P.O. Box
906, Mt. Vernon, IL 62864